IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT M. HERRING,**

    Petitioner,

v.                                                                                      Civil Action No. **3:07CV776**

**GENE M. JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Robert M. Herring ("Petitioner"), a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds, *inter alia*, that the petition is barred by the one-year statute of limitations governing federal habeas petitions. Petitioner has responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

While incarcerated at Greensville Correctional Center ("GCC"), Petitioner tested positive for marijuana. On March 22, 2006, Petitioner was charged with the institutional infraction of "under the influence of drugs." On April 10, 2006, a disciplinary hearing was held and Petitioner was found guilty of the institutional charge. On or about May 25, 2006, based on his recent institutional infraction, the Institutional Classification Committee reevaluated Petitioner's earned sentence credit level and determined that Petitioner would not receive any earned sentence credits for one year, beginning on May 29, 2006. Petitioner exhausted his Virginia Department of Corrections ("VDOC") administrative remedies concerning this issue on October 6, 2006. On or about September 11, 2007, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In his petition, Petitioner claimed that: (1) the GCC conducted an unreasonable and unauthorized mass urinalysis and strip search, which resulted in

an institutional disciplinary charge; (2) he did not receive due process and equal protection during the disciplinary hearing; and (3) his good time credits were improperly taken from him for a period of one year due to the unconstitutional conviction of the "under the influence of drugs" disciplinary charge. On November 2, 2007, the Supreme Court of Virginia dismissed Petitioner's petition as frivolous. On November 7, 2007, Petitioner filed a notice of his intention to apply for a rehearing with the Supreme Court of Virginia. On December 6, 2007, the time expired for filing the petition for rehearing in the Supreme Court of Virginia and Petitioner mailed the instant petition to this Court on that day.

In his present federal habeas petition, Petitioner's raises the following claims:

Claim One: On March 21, 2006, Petitioner's Fourth Amendment[1] right against unreasonable search and seizure was violated by an unauthorized mass urinalysis and illegal strip search, resulting in the improper taking of his earned good-time sentence credits.

Claim Two: On April 10, 2006, Petitioner's liberty interests were violated when he was convicted of the disciplinary charge ("under the influence of drugs") without the procedural due process safeguards he was entitled to at the prison disciplinary hearing.

Claim Three: Petitioner's equal protection rights were violated by the actions of the Greensville Correctional Center during the mass urinalysis, strip search, disciplinary hearing and appeal.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Respondent contends, *inter alia*, that Petitioner's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing

---

[1] "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV.

of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. TIMELINESS OF FEDERAL PETITION

Under § 2244(d)(1), the one-year limitation period runs from "the latest of" the four dates defined by subsections (A) through (D). Here, section 2244(d)(1)(D) provides the latest date for Petitioner by referencing "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). Hence, the statute of limitations on Petitioner's claims began to run, at the latest, on May 25, 2006, the date on which Petitioner's earned

3

sentence credit level was decreased and when the exercise of due diligence would have led him to discover the factual predicate for his claims. *See Herbert v. Johnson*, No. 7:07CV00357, 2007 WL 3046643, at *1 (W.D.Va. Oct. 17, 2007), *appeal dismissed*, No. 08-6087, 2008 WL 1883561 (4th Cir. Apr. 29, 2008); *see also Wade*, 327 F.3d at 333; *Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002) (holding that the one-year statute of limitations began to run on the date the disciplinary conviction was entered). The Court notes that the period of limitation was not tolled by the various grievances and administrative requests that Petitioner filed within the Virginia Department of Corrections, because the Virginia Department of Corrections is not a state court. *See Herbert*, 2007 WL 3046643, at *1; *Redd v. Johnson*, No. 7:06CV00485, 2006 WL 2645169, at *2 n.5 (W.D. Va. Sept. 14, 2006), *appeal dismissed*, 221 F. App'x 248 (4th Cir. Mar. 23, 2007) (No. 06-7626), *cert. denied*, 128 S. Ct. 85 (2007); *cf. Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Thus, Petitioner had until May 25, 2007, to file a timely petition under § 2254. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner did not mail the present petition until December 6, 2007, well-beyond the requisite one-year statute of limitations.[2] As a result, the petition is untimely. Because Petitioner has not demonstrated any grounds for equitable tolling, the federal habeas petition is barred by the statute of limitations.[3]

Respondent's motion to dismiss (Docket No. 7) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. Petitioner's claims and the action will be DISMISSED.

---

[2] The statute of limitations ordinarily would be tolled during the pendency of the state habeas proceedings; however, the statute of limitations to file his § 2254 petition had already expired on May 25, 2007, before Petitioner filed his September 9, 2007 state habeas petition.

[3] To the extent Petitioner challenges the March 21, 2006 mass urinalysis and strip search and the April 10, 2006 disciplinary proceeding, these claims would certainly be time-barred as they occurred before his claim concerning the reduction in his earned sentence credit level arose.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-2-08
Richmond, Virginia